UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRETON PETERSEN, Individually and on behalf of others similarly situated, | ) ) ) | Case No.: 1:08 CV 1217 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| THE CLEVELAND INSTITUTE OF ART, | ) ) ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending in the above-captioned case between Plaintiff Breton Petersen ("Plaintiff" or "Petersen") and Defendant Cleveland Institute of Art ("Defendant" or "Institute of Art") is Plaintiff's Motion for Conditional Class Certification (ECF No. 3). For the following reasons, the court grants Plaintiff's Motion for Conditional Class Certification (ECF No. 3).

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff originally brought this action individually and as a putative representative for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216. In Plaintiff's Amended Complaint, he also added class action claims under Federal Rule of Civil Procedure 23. (Am. Compl., at p. 1.) Plaintiff alleges that his former employer, the Institute of Art, did not pay Plaintiff and the putative class members for all hours worked and did not pay them for any hours over 40 hours per week. (Compl., ECF No. 1, at ¶ 1.) Plaintiff further alleges that he and the putative class members were "non-exempt" employees, which means that they are entitled to

overtime wages under federal law. (*Id*.)

Plaintiff worked for the Institute of Art since August 2005 as a technical assistant ("TA"). (*Id*., at ¶ 5.) At the time the Complaint was filed, May 16, 2008, Plaintiff still worked for the Institute of Art. (*Id*., at ¶ 9.) Plaintiff alleges that he was not paid wages for hours over 30 per week from August 2005 through November 30, 2006. (*Id*., at ¶ 11(a).) Plaintiff further alleges that he was not paid wages for weeks worked beyond 37 weeks for the 2005-2006 school year. (*Id*., at ¶ 11(b).) Plaintiff also alleges that he was not paid wages for all hours worked over 40 per week nor for any of his overtime work since he began work in August 2005. (*Id*., at ¶ 12.)

Plaintiff alleges that at least 15 other persons worked for the Institute of Art as technical assistants and met the definition of putative class members in this case. (*Id*., at ¶¶ 13, 14.) He similarly alleges that the putative class members have not been paid any wages for hours worked over forty per week, for any overtime work, or for work beyond the number of weeks specified in their contracts. (*Id*., at ¶¶ 17, 18.) Plaintiff categorizes himself and the putative class members as "non-exempt" employees under the state and federal wage and hour laws. (*Id*., at ¶ 19.)

Plaintiff brings a collective action on behalf of himself and the putative class members for alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiff maintains in his Amended Complaint that his counsel will file a request under 29 U.S.C. § 216 for the court to notify all the putative class members to allow them to opt-in to this proceeding. (*Id*., at ¶ 27.) On May 16, 2008, Plaintiff moved the court to grant conditional class certification, expedite discovery, and issue notice to prospective class members. (ECF No. 3.) Defendant opposed this Motion. (ECF No. 7.)

On September 15, 2008, Plaintiff filed his First Amended Complaint and added that he was bringing a class action pursuant to Federal Rule of Civil Procedure 23 in addition to the collective

action under 29 U.S.C. § 216. (ECF No. 16.) The two class action claims are overtime violations under Ohio law (Claim III) and breach of an employment contract (Claim IV). (*Id.*, at pp. 10-12.) On January 14, 2009, Plaintiff moved this court for a class certification. (ECF No. 19.) Defendant opposed the class certification. (ECF No. 23.)

## II. CONDITIONAL CLASS CERTIFICATION UNDER § 216(b)

### A. Legal Standard

The FLSA provides that employees may bring claims for violations of the FLSA in their individual capacities and on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b). Any unnamed class members must opt into the class by filing a written consent with the court. The relevant language of § 216(b) is:

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Courts may facilitate collective actions by authorizing notice of the suit to potential plaintiffs. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). A FLSA collective action does not toll the statute of limitations for individuals not named as party plaintiffs. *Jones v. U.S.*, 88 Fed.Cl. 789, 790 (2009).

There are two stages in a collective action proceeding: the notice stage and the decertification stage. *Comer v. Wal-Mart Store, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). In the notice stage, the district court must determine whether the potential plaintiffs are similarly situated to the named plaintiff. *Id.*; *Smith v. Lowe's Cos.*, 2005 U.S. Dist. LEXIS 9763, *8 (S.D. Ohio May 11, 2005). This "preliminary certification is intended to provide notice and opportunity to opt in." *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio May 5, 2006). At this stage, a plaintiff must

establish a "colorable basis" for his allegation that others are similarly situated and should therefore be notified of this action. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005). *See also Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 432 (S.D.N.Y.1995) ("[A]t this preliminary notice stage, plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme."). Therefore, in this case, Petersen must demonstrate that "the putative class members were together the victims of a single decision, policy, or plan." *Landsberg v. Acton Enters.*, 2006 U.S. Dist. LEXIS 90716, *6 (S.D. Ohio Dec. 15, 2006) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).

A district court is typically lenient in defining whether or not the potential plaintiffs are similarly situated. *Comer*, 454 F.3d at 547; *Berger v. Cleveland Clinic Found.*, 2007 U.S. Dist. LEXIS 76593, at *58-59 (N.D. Ohio Sept. 29, 2007); *Sjoblem v. Charter Communs.*, LLC, 2007 U.S. Dist. LEXIS 93879, *26-27 (W.D. Wis. Dec. 19, 2007). A court's conclusion that authorization of notice is appropriate "need only be based on a modest factual showing." *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002); *Comer*, 454 F.3d at 547.

The second stage, which occurs after the completion of discovery on the merits, involves a more detailed analysis of whether the putative class is similarly situated. *Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio, 2007); *Comer*, 454 F.3d at 547. This analysis typically occurs when a defendant challenges the conditional certification through a motion to decertify the class. *Thiessen*, 267 F.3d at 1102-03; *Douglas*, 2007 U.S. Dist. LEXIS 32449, at * 14.

The class certification requirements of Federal Rule of Civil Procedure 23 are not applicable to a determination of whether conditional class certification is appropriate in an action pursuant to 29 U.S.C. § 216(b). *Id.*, at *9. Instead, the court must decide whether Plaintiff's potential violations of the FLSA exist and whether the proposed class is made up for similarly situated persons.

### B.  Law and Analysis

Plaintiff argues that he is similarly situated with the proposed class members because he has first-hand experience working in more than one department in the Institute of Art and knows that approximately 15 people were not paid correct compensation. Plaintiff specifically argues that the Institute of Art violated the FLSA by not paying employees for all of the hours they worked and/or not paying employees time and a half for hours worked beyond 40 hours a week. The FLSA Sections 206-07 require payment of time and a half for all hours worked over 40 per week. 29 U.S.C. §§ 206-07.

Defendant argues that Petersen cannot meet the minimal factual showing required for the Court to conditionally certify a class and approve notice. Defendant's arguments are:

> First, Petersen cannot establish that the putative class members are "similarly situated" to him or that they have been harmed by a policy that violates the Fair Labor Standards Act ("FLSA"). Second, in sole support of his argument for conditional certification, Petersen offers only *his own* affidavit as support for his position. Petersen's affidavit offers unsubstantiated conclusory allegations. Furthermore, Petersen's affidavit contains no evidence that: (1) Petersen is similarly situated to the putative class members; or (2) that there was any widespread institutional policy or practice that violated the FLSA. Moreover, Petersen has been unable to support his allegations with evidence from any of the other fifteen current technical assistants, who have already been identified by Petersen in his Complaint. (Complaint, ¶ 13; Complaint Exhibit E).

(Def.'s Opp. to Pl.'s Mot. for Conditional Class Cert., ECF No. 7, at p. 2.)  For the following

reasons, the court finds Defendant's arguments are not well-taken.

Defendant relies on *Haynes v. Singer Co.*, 696 F. 2d 884, 887 (11th Cir. 1983) and *Harrison*, 411 F. Supp. 2d at 868 for the assertion that conditional certification must be denied when a plaintiff makes "unsupported assertions" "that aggrieved individuals existed in the broad class that they proposed." *Haynes*, 696 F.2d at 887. However, as Plaintiff correctly points out, the plaintiffs in those two cases failed to provide any affidavits showing evidence of personal knowledge that the putative class was similarly situated.

In this case, Plaintiff supplied an affidavit, in which he stated that he worked as a technical assistant for the CIA since August 2005 in more than one department and that all technical assistants are paid in the same manner. (Petersen Aff., ECF No. 3-1, at ¶ 10.) He further avers that he has "observed technical assistants working in excess of 40 hours per week, and working beyond the weeks they were contracted to." (*Id*., at ¶ 11.) Petersen argues that technical assistants at the Institute of Art do not receive pay for hours worked beyond a set number of hours or weeks in the employees' employment contracts. (*Id*., at ¶ 10.) First-hand experience can be sufficient to meet the lenient standard for sending notice to potential class members. *Douglas*, 2007 U.S. Dist. LEXIS 32449, at * 19-21. In *Douglas*, the plaintiff alleged that their employer, GE Energy, improperly failed to pay them and others similarly situated overtime compensation for hours worked in excess of 40 hours a week. *Id*., at *2. The plaintiff and one other potential class member in *Douglas* stated in affidavits that they were similarly situated with other employees because they were able to see that they performed similar duties and they were aware that they were not paid overtime for hours worked over 40 per week. *Id*., at *18-19.

Similarly, Plaintiff in this case states in his affidavit that he is similarly situated with other

technical assistants and similarly positioned employees because he has been able to observe those employees. This first-hand information is sufficient to convince the court to grant conditional class certification. Plaintiff has demonstrated a "colorable basis" for his allegation that the proposed class members are similarly situated with him and should be notified of this action. *Harrison*, at 865-66.

### III. NOTICE

Attached to Plaintiff's Motion for Conditional Class Certification is a proposed notice to be sent to potential class members. (ECF No. 3-3.) The collective action provisions of the FLSA authorize a district court to issue court-supervised notice to potential class members. Hoffman-La Roche, 493 U.S. at 169 ("District courts have discretion…to implement [§ 216(b)]…by facilitating notice to potential plaintiffs."). In addition, "[n]otice at an early stage of litigation is appropriate to further the FLSA's broad remedial goals and to promote efficient case management." *Smith*, 2005 U.S. Dist. LEXIS 9763, *6 (citing *Hoffman-La Roche*, 493 U.S. at 169-171; *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2nd Cir. 1978) (Notification of putative plaintiffs "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits."). In light of the court's decision to conditionally certify Plaintiff's proposed class, the court permits Plaintiff to notify potential class members using the notice form Plaintiff attached to his Motion.

### IV. DISCOVERY

The court hereby sets a telephonic status conference to discuss a discovery schedule for April 18, 2011, at 4:00 p.m.

### V. CONCLUSION

Therefore, the court hereby conditionally certifies the putative class and grants Plaintiff's

Motion (ECF No. 3.) The conditionally certified class is made up of persons employed by the CIA who at any time within the three years prior to the filing of the Complaint, (1) were employed by the Institute of Art as a technical assistant or in a similar position; and (2) did not receive wages for all hours worked; and/or (3) did not receive overtime for hours worked over 40 hours per week. The court authorizes Plaintiff to send the proposed notice (ECF No. 3-3) to the proposed class members.

    IT IS SO ORDERED.

                                      /S/ SOLOMON OLIVER, JR.
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

March 30, 2011