UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRETON PETERSON, Individually and on behalf of others similarly situated, | ) ) ) | Case No.: 1:08 CV 1217 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| THE CLEVELAND INSTITUTE OF ART, | ) ) ) | |
| Defendant | ) | ORDER |

Currently pending in the above-captioned case between Plaintiff Breton Peterson ("Plaintiff" or "Peterson") and Defendant Cleveland Institute of Art ("Defendant" or "Institute of Art") is Plaintiff's Motion for Class Certification (ECF No. 19).  For the following reasons, the court grants Plaintiff's Motion for Class Certification.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff originally brought this action individually and as a putative representative for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216.  In Plaintiff's Amended Complaint, he also added a class action under Federal Rule of Civil Procedure 23.  (Am. Compl., at p. 1.)  Plaintiff alleges that his former employer, the Institute of Art, did not pay Plaintiff and the putative class members for all hours worked and were not paid for any hours over 40 hours per week.  (Compl., ECF No. 1, at ¶ 1.)  Plaintiff further alleges that he and the putative class

members were "non-exempt" employees, which means that they are entitled to these overtime wages under federal law.  (*Id*.)

Plaintiff worked for the Institute of Art since August 2005 as a technical assistant.  (*Id*., at ¶ 5.)  At the time the Complaint was filed, May 16, 2008, Plaintiff still worked for the Institute of Art.  (*Id*., at ¶ 9.)  Plaintiff alleges that he was not paid wages for hours over 30 per week from August 2005 through November 30, 2006.  (*Id*., at ¶ 11(a).)  Plaintiff further alleges that he was not paid  wages for weeks worked beyond 37 weeks for the 2005-2006 school year.  (*Id*., at ¶ 11(b).)  Plaintiff also alleges that he was not paid wages for all hours worked over forty per week nor for any of his overtime work since he began work in August 2005.  (*Id*., at ¶ 12.)

Plaintiff alleges that at least 15 other persons worked for the Institute of Artas technical assistants and met the definition of putative class members in this case.  (*Id*., at ¶¶ 13. 14.)  He similarly alleges that the putative class members have not been paid any wages for hours worked over forty per week, for any overtime work, or for work beyond the number of weeks specified in their contracts.  (*Id*., at ¶¶ 17, 18.)  Plaintiff categorizes himself and the putative class members as "non-exempt" employees under the state and federal wage and hour laws.  (*Id*., at ¶ 19.)

Plaintiff brings a collective action on behalf of himself and the putative class members.  Plaintiff maintains in his Complaint that his counsel will file a request under 29 U.S.C. § 216 for the court to notify all the putative class members to allow them to opt-in to this proceeding.  (*Id*., at ¶ 27.)  Plaintiff alleges a violation of the Fair Labor Standards Act ("FLSA") and requests monetary damages and injunctive relief.  (*Id*., at ¶¶ 38, 42.)

On May 16, 2008, Plaintiff moved the court to grant conditional class certification, expedite discovery, and issue notice to prospective class members.  (ECF No. 3.)  Defendant opposed this

Motion. (ECF No. 7.)

On September 15, 2008, Plaintiff filed his First Amended Complaint and added that he was bringing a class action pursuant to Federal Rule of Civil Procedure 23 in addition to the collective action under 29 U.S.C. § 216. (ECF No. 16.) The two class action claims are overtime violations under Ohio law (Claim III) and breach of an employment contract (Claim IV). (*Id.*, at pp. 10-12.) On January 14, 2009, Plaintiff moved this court for a class certification. (ECF No. 19.) Defendant opposed the class certification. (ECF No. 23.)

## II. LEGAL STANDARD FOR CLASS CERTIFICATION

Plaintiff seeks certification of the proposed class under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Petersen moves this Court to certify the following class:

> All persons who from September 15, 1993 and thereafter were (1) employed by Defendant Institute of Art as a technical assistant or in a similar position ("TAs"); and (2) did not receive wages for all hours worked; and/or (3) did not receive overtime (time and one half of their regular rate of pay) for hours worked over 40 per week.

A court must engage in a "rigorous analysis" of the plaintiff's ability to meet the requirements of Federal Rule of Civil Procedure 23(a) before certifying a class. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). To obtain class certification, Plaintiff bears the burden of satisfying the requirements of Rule 23(a) commonly known as numerosity, commonality, typicality, and adequacy of representation, and must demonstrate that the class fits under one of the three subdivisions of Rule 23(b). *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). A district court has broad discretion to determine whether to certify a class, within the dictates of Rule 23. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

### III..  LAW AND ANALYSIS

#### A.  Class under Rule 23 and Collective Action under Section 216(b)

Plaintiff moves the court for the certification of a class of plaintiffs consisting of all persons employed in the position of a technical assistant at the Institute of Art since September 15, 1993, pursuant to Federal Rule of Civil Procedure 23.  In addition to arguing that Plaintiff's proposed class does not satisfy the requirements of Rule 23, Defendant argues that Plaintiff cannot simultaneously maintain a collective action under § 216(b) of the FLSA and a class action under Rule 23.  (Def.'s Memo. in Opp. to Pl.'s Mot. for Class Cert., ECF No. 23, at p. 7.)

Preliminarily, FLSA claims cannot be brought as a class action under Rule 23 because of their inconsistent provisions pertaining to class membership.  The rule that because of the opt-in provision of 29 U.S.C.A. § 216(b), actions under the FLSA cannot be brought as class actions under Rule 23, can be found in case law from various Circuits.  The court in *Sims v Parke Davis & Co.*, 334 F. Supp. 774, 780 (E.D. Mich. 1971), which was affirmed by the Sixth Circuit, held that "[c]laims for minimum wages under the Fair Labor Standards Act, however, cannot be maintained as a class action under Rule 23.  That is because 29 U.S.C. § 216(b) limits the binding effects of a judgment adjudicating rights under the FLSA to persons who have filed a written consent to become parties to the suit."  The Fifth Circuit in *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) agreed.  ("There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 216(b).")

In response, Plaintiff argues that he can advance the two state-law class action claims under Rule 23 and the two federal-law collective actions claims under the FLSA.  (Pl.'s Reply in Supp. of Mot. for Class Cert., ECF No. 24, at p. 1.)  There is conflicting case law on this issue.  *Compare*

- 4 -

*Ellis v. Edward D. Jones & Co., L.P.*, 527 F.Supp.2d at 449-52 (W.D. Pa. 2007) (holding the opt-in and opt-out procedures created a conflict and consequently determined that "Plaintiffs' parallel state claims must be dismissed"), *with Freeman v. Hoffmann-LaRoche, Inc.*, 2007 WL 4440875, at *2 (D.N.J. Dec. 18, 2007) (denying Defendants' motion "to dismiss or strike Plaintiffs' state law class action allegations solely on the basis of their 'inherent incompatibility' with the asserted FLSA collective action").  For the following reasons, the court finds that Plaintiff can maintain both claims in federal court.

Plaintiff's first claim is for compensation for unpaid wages and unpaid overtime wages pursuant to the FLSA.  (Am. Compl., ¶¶ 43-54.)  Plaintiff's second claim is for injunctive relief preventing Defendant from failing to pay Plaintiff and the putative class members for hours worked and for overtime wages pursuant to the FLSA.  (Am. Compl. ¶¶ 55-57.)  Plaintiff's third claim for relief arises under Ohio's Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111.  Plaintiff alleges that Defendant violated this law by not paying Plaintiff for overtime.  (Am. Compl., ¶¶ 58-67.)  Plaintiff's fourth claim for Breach of Contract, is based on Defendant allegedly not paying Plaintiff pursuant to terms of an employment agreement.  (Am. Compl., ¶¶ 68-72.)

Plaintiff predominantly relies on *Lindsay v. Gov't. Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006) for the proposition that it is proper to certify state-law claims alongside federal wage and hour claims.  In this case, the court determined that the difference between Rule 23's opt-out procedure and the FLSA's opt-in procedure is merely procedural and cannot "curtail section 1367's *jurisdictional* sweep." *Id.*, at 424.  The court reversed the district court's denial of class certification to the state law claimants who did not opt into the FLSA claim and remanded the case for the district court to determine whether it would exercise supplemental jurisdiction. *Id.*  The district court chose

- 5 -

to exercise supplemental jurisdiction over the state-law claims and granted the motion for class certification. *Lindsay v. Gov't. Employees Ins. Co.*, 251 F.R.D. 51 (D.D.C. 2008).

Plaintiff also relies on *Cortez v. Nebraska Beef, Inc.*, 266 F.R.D. 275 (D. Neb. Feb 16, 2010) and *Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870 (N.D. Iowa, 2008). In *Cortez*, the court rejected the defendants' argument that plaintiffs' state-law claims should be dismissed because of the conflict between § 216(b)'s opt-in procedure and Fed. R. Civ. P. 23's opt-out procedure. *Cortez*, 266 F.R.D. at 284. In *Bouaphakeo*, 564 F.Supp.2d at 888, the court stated,

> Although the court is cognizant of the procedural differences between a Rule 23 class action and FLSA collective action, as well as the unique challenges created when such actions are maintained in the same suit, the court does not feel these differences and challenges are a reason to deny, dismiss, or limit Plaintiffs' class action claim, especially when such a claim has an independent jurisdictional basis.

Defendants cite *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178 (M.D.Pa. 2008) and cases relying on it for the proposition that a plaintiff cannot simultaneously maintain an FLSA collective action and a Rule 23 state-law wage and hour class action in the same lawsuit. The court, in *Woodard*, opined that, "[a]gainst this backdrop, the Court must determine whether claims under parallel federal and state overtime laws, the former an opt-in collective action, the latter an opt-out class action, may proceed simultaneously in federal court." *Id.*, at 186. The court held that they cannot when the supplemental claim mirrors the FLSA claim and arises from the same conduct. *Id.*, at 186. *See also Ellis*, 527 F.Supp.2d at 452 ("In light of ... the total negation of those policies that would occur if the Court were to allow Plaintiffs to pursue state law overtime remedies under Fed.R.Civ.P. 23 and FLSA opt-in remedies in the same action, the Court finds that Plaintiffs' parallel state claims must be dismissed."); *Evancho v. Sanofi-Aventis U.S. Inc.*, Civ. A. No. 07-2266(MLC), 2007 WL 4546100, at *5 (D.N.J. Dec.19, 2007) (same).

Recognizing the conflicting case law on this subject,[1] this court is ultimately persuaded that the collective action claims and the class action claims can be brought together in this court. Plaintiff's claims in this case are almost the same as the claims the plaintiff brought in *Lindsay*, 448 F.3d at 419.  In *Lindsay*, the plaintiff alleged that his/her employer violated Section 207(a) of the FLSA, which "requires an employer to pay an employee one-and one-half times his regular pay rate for work in excess of 40 hours per week . . . It exempts from its overtime provision 'bona fide executive, administrative, or professional' employees."  *Id.*, at 419, fn. 1; 29 U.S.C. § 213(a)(1).

---

[1]     The court in *Osby v. Citigroup*, Sl. Cop., No. 07-cv-06085, 2008 WL 2074102, *3, n. 2 (W.D. Mo. May 14, 2008), stated:

> District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state actions are legion. *See e.g. McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 311 (D.Mass.2004); *Goldman v. Radioshack Corp.*, 2003 U.S. Dist. LEXIS 7611, 2003 WL 21250571, at *2-3 (E.D.Pa. Apr.16, 2003); *Chavez v. IBP, Inc.*, 2002 U.S. Dist. LEXIS 24598, 2002 WL 31662302, at *2-5 (E.D.Wash. Oct.28, 2002); *Beltran-Benitez v. Sea Safari, LTD.*, 180 F.Supp.2d 772, 773-74 (E.D.N.C.2001). As are district court cases declining supplementary jurisdiction over Rule 23 actions. *See e.g. Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522, 523-24 (M.D.Pa.2006) ("Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claim in their own right and freeing employers from the burden of representative actions." (quotations and citations omitted.)); *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ-LRL, 2007 U.S. Dist. LEXIS 62396, 2007 WL 2429149, *4 (D.Nev. Aug.20, 2007) (dismissing the plaintiff's state law claims and allowing the FLSA claim because allowing both claims would allow the plaintiff to "circumvent the restrictive opt-in requirements of the FLSA" where 1,578 notices were sent to potential class members and only 194 class members affirmatively opted-in); *see also Ramsey v. Ryan Beck & Co., Inc.*, Civil Action No. 07-635, 2007 U.S. Dist. LEXIS 56129, 2007 WL 2234567, *2 (E.D.Pa. Aug.1, 2007) (collecting cases and stating that "permitting a FLSA collective action to be litigated with a Rule 23 state-law class action would 'nullify Congress's intent in crafting ... § 216(b) and eviscerate the purpose of § 216(b)'s opt-in requirement.' " (quoting *Otto*, 457 F.Supp.2d at 524)).

"

The plaintiff further alleged that the defendant violated Section 663 of the New York Minimum Wage Act, which requires an employer to pay an employee time-and-one-half overtime compensation but excludes from this requirement executive, administrative, or professional employees.  *See* N.Y. Comp.Codes R. & Regs. tit. 12, § 142-2.2.  The court determined that both claims could be brought in the same action.

Similarly, in this case, Plaintiff brings a collective action claim for alleged violations of Sections 206-07 of the FLSA and a class action claim for a violation of Ohio's Minimum Fair Wage Standards Act ("OMFWSA").  OMFWSA, which is location in Ohio Revised Code Chapter 4111, requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek."  O.R.C. § 4111.03.  In addition, Plaintiff brings a class action claim for breach of contract.  Plaintiff's breach of contract claim states that "Defendant required Plaintiffs to work beyond the hours and/or weeks specified in their contracts and/or accepted the benefits of the putative class members working time beyond that specified in their contracts."  (Am. Compl., ¶ 70.)  Thus, similar to *Lindsay*, Plaintiff in this case brings claims pursuant to the FLSA's collective action provision and state-law claims under Federal Rule of Civil Procedure 23.

Furthermore, the fact that potential plaintiffs may be confused by the existence of both FLSA claims and state-law class action claims within one suit is not a reason to prohibit the claims from proceeding in the same case.  This was discussed in *Sjoblom v. Charter Comm.*, No. 3:07-cv-0451, 2007 WL 4560541, at *5 (W.D. Wis. Dec.19, 2007):

> Although including the federal and state law claims in the same lawsuit will pose challenges, I am not persuaded that separate adjudication of these claims will reduce confusion among potential class members who would still receive two notices concerning almost identical facts: one

- 8 -

> requiring them to opt in to a federal collective action and another
> including them in a state law class action unless they opt out. Clearly
> drafted collective and class action notices should help alleviate
> confusion in this case.

(citation omitted.)

The court finds that Plaintiff can bring his FLSA claims and his class-action claims in the same case before this court. The court also finds that it is capable of managing a case involving a FLSA collective action and a state-law class action. *See Salazar v. Agriprocessors, Inc.*, 527 F.Supp.2d 873, 886 (N.D. Iowa, 2007) ("The court is well-equipped to manage a case involving a FLSA collective action and a state-law class action."); *Guzman*, 2008 WL 597186, at *9 ("It is true that there would be some possibility of confusion, but this can be allayed through careful wording of the class notice."). Exercising supplemental jurisdiction over the state claims and therefore hearing both the state claims and the federal claims together promotes judicial economy. *E.g.*, *Beltran-Benitez*, 180 F.Supp.2d at 773-74. Therefore, the court must determine whether Plaintiff's class-action claims meet the class certification requirements of Federal Rule of Civil Procedure 23.

## B. Definition of the Class under Rule 23

Before analyzing the requirements of Fed. R. Civ. P. 23(a) however, a court should first "consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class." *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004) (citing *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The Northern District of Ohio previously determined that "[t]he court must conclude that the named plaintiffs seeking certification propose an identifiable, unambiguous class of which they are members." *Chesner v. Stewart Title Guar. Co.*, No. 1:06CV476, 2008 U.S. Dist. LEXIS 19303, at *13 (N.D. Ohio Jan. 23, 2008) (citing *Tedrow v. Cowles*, No. 2:06CV637, 2007 U.S. Dist. LEXIS 67391, at *5 (S.D. Ohio

- 9 -

Sept. 12, 2007)).

Defendant argues that the proposed class is not readily ascertainable.  (Def.'s Opp. to Pl.'s Mot. for Class Cert., ECF No. 23, at p. 12.)  Defendant argues that Plaintiff's class definition is ambiguous because it defines the class as all TA's or those in a "similar position."  (*Id.*, at 13.) Defendant further argues that,

> Plaintiff's proposed class is not readily ascertainable because it is improperly based on a determination of liability. The class assumes liability as a prerequisite to membership. It is impossible to determine whether the putative class members could recover damages without an individual inquiry into each TAs employment history, a review of each TA's individual employment contract and an individual determination as to the number of hours worked by each TA. These individualized factual inquiries to determine whether a TA could be a class member are indicative of the fact that Plaintiff's class definition is improper.

(*Id.*, at p. 21.)

Plaintiff maintains that he "has no intention of expanding this class to those persons not employed in a technical assistant position. The phrase 'in a similar position' was only added in the event that technical assistants at some point were referred to by another name."  (Pl.'s Reply in Supp. of Mot. for Class Cert., ECF No. 24, at p. 7.)  Based on this representation, the court finds that the class only includes people the Institute of Art employed as technical assistants.

It is true that "[i]f a court must come to numerous conclusions regarding class membership or adjudicate the underlying issues on behalf of each class member, then a proper class cannot be defined concisely."  *Edwards v. McCormick*, 196 F.R.D. 487, 493 (S.D. Ohio 2000).  However, case law reveals that the class Plaintiff requests the court to certify is sufficiently ascertainable.  In *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, Case No. 1439, 2003 U.S. Dist. LEXIS 25717, *27-28 (D. Or. May 19, 2003), the court certified a class defined as certain claims

- 10 -

representatives employed in particular states who "did not compensate for work performed in excess of 40 hours [and in some cases 48 hours] per week."  Similarly, in *Scott v. Aetna Servs. Inc.*, 210 F.R.D. 261, 264, 268 (D. Conn. 2002), the court certified a Rule 23 class defined as "all past and present individuals who worked for Defendant Aetna as Systems Engineers from January, 1996 through January, 1999 who were underpaid regular and overtime compensation in violation of the CMWA."

Therefore, consistent with the above cases, the court finds that Plaintiff's proposed Rule 23 class is readily ascertainable.

### C.  Rule 23 Class Certification Requirements

As stated previously, Plaintiff bears the burden of satisfying the requirements of Rule 23(a) commonly known as numerosity, commonality, typicality, and adequacy of representation, and must demonstrate that the class fits under one of the three subdivisions of Rule 23(b). *Coleman*, 296 F.3d at 446.

### 1.  Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that, "the class is so numerous that joinder of all members is impracticable."  The ability of class members to pursue individual actions is a factor courts should consider when deciding whether a potential class meets the numerosity requirement. *Appoloni*, 218 F.R.D. 556, 561 (W.D. Mich. 2003).

A plaintiff need not prove the number of class members to a certainty. *See Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 672 (N.D. Ohio 1995).  Plaintiff argues that the reason he cannot provide identification of each class member for the past fifteen years is because Defendant has refused to provide that information.  (Pl.'s Mot. for Class Cert., ECF No. 19, at p. 5.)  However, Plaintiff can

show that there are 31 putative class members since the 2005/2006 school year.  (*Id.*, at p. 6, *citing* Hollern dep., ECF No. 19-1 (discussion of technical assistants employed by Institute of Artfor 2005/2006, 2006/2007, and 2007/2008 school years).)  Plaintiff argues that there will be more putative class members when Defendant provides Plaintiff with more information.  (Pl.'s Mot. for Class Cert., ECF No. 19, at p. 5.)  Defendant does not argue that Plaintiff cannot meet the numerosity requirement.

The Sixth Circuit in *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1030 (6th Cir., 1977) noted that it had previously found a class of 35 sufficient.  *See also Grant v. Sullivan*, 131 F.R.D. 436, 224 (M.D. Pa. 1990) (internal citations omitted) ("This Court may certify a class even if it is composed of as few as 14 members"); *MacNeal v. Columbine Exploration Corp.*, 123 F.R.D. 181 (E.D. Pa. 1988) (numerosity met with 36 class members); *Gasper v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (numerosity met with 18 class members).  The court finds that Plaintiff has met the numerosity requirement.

### 2.  Commonality

Rule 23(a)(2) requires the proposed class members to share a "common question of law or fact." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997); *see also Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003).  Plaintiff argues that the proposed class members are similar because they are all non-exempt employees, they are all paid by contract under the same format, and the damages formula for each class member will be the same.  (Pl.'s Mot. for Class Cert, ECF No. 19, at p. 7.)  Defendant does not directly argue that Plaintiff cannot meet Rule 23(a)(2), but Defendant makes substantive arguments under other sections of Rule 23 that apply to this analysis. Defendant argues that,

> Petersen has not demonstrated that any other TAs worked hours in excess of their regularly scheduled hours, nor has he demonstrated that any other TAs allegedly worked in excess of forty hours per week.

(Def.'s Opp. to Pl.'s Mot. for Class Cert., ECF No. 23, at p. 24.)  Defendant lists the following differences between Petersen and the proposed class members: (1) Petersen's duties; (2) his hours; (3) his manner of tracking his hours; (4) his supervision; (5) his level of responsibility; (6) his contracts; and (7) his pay rate.

The Supreme Court "has repeatedly held [that] a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974)).  In this case, the proposed class members share the same interest with Petersen in that they have the interest in being classified as non-exempt and have the interest in being paid properly by the Institute of Art for the hours they worked and Petersen has sufficiently alleged that they suffered the same injuries.  *See Kelley v. SBC*, No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643, *41-42 (N.D. Cal. Nov. 13, 1998) (The court found sufficient commonality among employees with different job titles because they performed similar job duties.  The court stated, "[e]mployees who held these positions share a question of fact as to what these jobs entailed and a question of law as to whether these positions were properly classified as exempt.").  The court finds that the proposed class satisfies the commonality requirement.

### 3.  Typicality

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  The court in *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 572 (6th Cir. 2004) explained:

- 13 -

> The typicality requirement is designed "to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co.* [*of the Northwest, Inc. v. EEOC*], 446 U.S. [318], 330 [(1980)]. In order to meet the typicality requirement, the plaintiffs must show that their "injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff." *In re Am. Med.* [*Sys.*], 75 F.3d [1069,] 1082 [(6th Cir. 1996)].

The Sixth Circuit further determined in *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998), that,

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

Defendant argues that the proposed class cannot meet the typicality requirement because "the record evidence shows that TA's job duties have varied greatly over the last fifteen years." (Def.'s Opp. to Mot. for Class Cert., ECF No. 23, at p. 15, citing Aff. of Almut Zvosec, ¶¶ 3, 7.) Defendant goes on to argue:

> some TAs are responsible for overseeing the operation of technical equipment, such as pottery kilns and furnaces, metal working welders, and carpentry equipment. Id. at ¶ 7a. Other TAs, such as Petersen, manage computer labs, and have no knowledge, experience or qualification to operate the aforementioned equipment. Id. Some TAs are responsible for overseeing and tracking departmental expenditures, while others are not. Id. at ¶ 7c. Some TAs, such as Petersen, are responsible for supervising work study students, and some do not. Id. at ¶ 7b. Some TAs have taught classes; others have not. Id. at ¶ 7e. Indeed, when questioned about some of the essential functions of other current TAs, Petersen admitted that he had no experience or understanding of such job duties. (Plaintiff's Depo. Tr. at 285-289).

(*Id.*)

Plaintiff maintains that he has submitted evidence that he performed similar tasks as a TA

- 14 -

as the other members of the proposed class.  In his deposition, Plaintiff explained that TA's in other

departments performed similar jobs as he did:

> Q: Were you aware of the job duties of TAs outside of the ID or CD
> departments?
> A: Yes.
> Q: What are the job duties of the other TAs?
> A: They are pretty similar to what I do. You know, ordering supplies.
> Making sure that everything is stocked up. Assisting the students.
> Assisting the faculty.  Helping out during class time. You know,
> helping out with the computer or, you know, painting or sculpture.
> Whatever the students are working on. Just generally being there as a
> go-to person.

Petersen dep. at 282-83.  *See also id.* at 283-87 ("Q: Do you think you would be qualified to sub for

the ceramics TA? A: Sure.  I mean, I don't now if I could help them out with, you know, building

something out of ceramics, but I think a lot of the job would be pretty much the same.  Like assisting

a student in a critique. . . . Ordering supplies. . .  We all use the same purchase orders and usually

the vendors are all written down and you can just go to that and record the things that you need. .

. . it's ultimately about the sort of things that make our job similar that makes me able to do this and

I think translates well into one of the other positions.")  Plaintiff further relies on the Institute of

Art's Human Resource Representative, who determined in a letter to Plaintiff: "[a]s I indicated

previously, your [Petersen's] job (and all other technical assistant positions) are considered

'nonexempt.'" (Deposition Exhs., ECF No. 30-6, at p. 15.)  Furthermore, Plaintiff argues that all of

the TA's were "paid pursuant to the same contractual formula (set pay for specified weeks per

year/hours per week)."  (Pl.'s Rep. in Supp. of Mot. for Class Cert., ECF No. 24, at p. 12; Hollern

Dep., ECF No. 30-4, at pp. 51-53.)

Plaintiff maintains that his claims arise from the same practices that give rise to the class

claims because Plaintiff and all of the proposed class members should have been classified as non-

- 15 -

exempt and were not paid overtime wages. (Pl.'s Mot. for Class Cert., ECF No. 19, at p. 9.) Therefore, Plaintiff argues, the facts give rise to identical claims under the wage and hour laws and that the facts supporting the alleged breach of contract are the same for all proposed class members. (*Id.*)

The court finds this argument to be well-taken. If each plaintiff was not paid for overtime work and is a non-exempt employee under the FLSA, then each plaintiff would have the same injury of not receiving time and a half pay, and Petersen, the named Plaintiff, is alleging the same injury.

### 4. Adequacy of Representation

To analyze this factor, the court must look at (1) whether the representative's interests are antagonistic to those of the class they seek to represent; and (2) whether the representative will vigorously prosecute the interests of the class through qualified counsel. *In re Am. Med. Sys.*, 75 F.3d at 1083. Plaintiff argues that he is working for the class not against it, he will vigorously prosecute the interests of the class, and that he has already retained qualified counsel. (Pl.'s Mot. for Class Cert., ECF No. 19, at p. 9.) Defendant does not contest this point. The court finds that Petersen adequately represents the class, as his claims are not antagonistic to those of the class, and he has represented that he will vigorously prosecute the interests of the class.

### 5. Requirements of Rule 23(b)

Because this class action seeks damages, it would have to be certified under Rule 23(b)(3) in order to become a class action. This provision requires that questions of law or fact common to the class predominate over any questions affecting only individual members, and that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

- 16 -

### a.  Common Questions

Plaintiff argues that common questions predominate because the proposed class members are all non-exempt employees, they all allege that they did not receive proper compensation for overtime hours, and the formula for calculating damages is the same for all class members.  Plaintiff recognizes that individual damages will vary based on such facts as the number of hours worked and the pay rate.  However, Plaintiff points out that the Sixth Circuit determined in *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988), that "[n]o matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action."  Defendant argues that individual issues will predominate in this case because the court would have to examine the specific duties of each TA over the last fifteen years to determine whether that person is a non-exempt employee, evaluate each individual's employment contract, and determine whether each individual worked in excess of 40 hours per week.   (Def.'s Mot. in Opp. to Pl.'s Mot. for Class Cert., ECF No. 23, at p. 25.)

This Court has explained that,

> A claim will meet the predominance requirement when there exists generalized evidence that proves or disproves an element on a simultaneous, classwide basis, because such proof obviates the need to re-examine each class member's individual position.

*Smith v. Ajax Magnetheric Corp.*, 2007 U.S. Dist. LEXIS 85551, *11 (N.D. Ohio Nov. 6, 2007) (citation omitted).   Class certification under Rule 23(b)(3) is inappropriate, however, where individualized factors may play a role in the potential for success or failure of the claims of individual class members.  *See Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002).  *See also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) ("If the main issues in a case requires separate adjudication of each class member's individual claim

- 17 -

or defense, a Rule 23(b)(3) action would be inappropriate.").

The court finds that in order to determine the issue of liability, a fact-finder could use generalized evidence. If any plaintiffs are determined to deserve monetary damages, then each Plaintiff's damages would have to be determined individually. However, because the liability issue in this case can be determined in a general fashion, Plaintiff has satisfied this prong.

### b. Superiority

There are many considerations the court must make to determine whether the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) lists the following factors to be considered by the court:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

These factors are not exhaustive; the court can consider other factors relevant to the litigation. *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975). Further, the Sixth Circuit determined in *In re Am. Med. Sys.*, 75 F.3d at 1084, that the procedural device of a Rule 23(b)(3) class action was designed not solely as a means for assuring legal assistance in the vindication of small claims but, rather, to achieve the economies of time, effort, and expense.

*(1) The interest of class members in individually controlling the prosecution of separate actions*

Plaintiff argues that some of the class members cannot feasibly pursue their claims individually because for some members, such as those who only worked for a short time at the Institute of Art, the monetary damages are minimal. The fact that it is not economically beneficial for some proposed class members to bring individual claims weighs in favor of permitting a class

- 18 -

action.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("Class actions ... permit the plaintiffs to pool claims which would be uneconomical to litigate individually.") Defendant maintains that the court would have to examine the specific duties of each TA in order to determine the merits of each individual's case, and as a consequence, the case cannot withstand this prong. However, the court has already determined that the proposed plaintiffs' individual situations are sufficiently similar to Petersen's so that trying the cases together would not be unduly burdensome or complicated.  Therefore, the court finds that this prong falls in Plaintiff's favor.

*(2) The extent and nature of any litigation already commenced by members of the class*

Plaintiff maintains that there are no other current cases pending against the Institute of Art by any of the proposed class members.  Defendant does not argue this point.  This prong therefore falls in Plaintiff's favor.

*(3) The desirability of concentrating the litigation in a particular forum*

Plaintiff argues that a class action is the most efficient method to resolve this matter and that it will prevent inconsistent results.  (Pl.'s Mot. for Class Cert., ECF No. 19, at p. 13.)  Defendant reiterates its objections to having a Rule 23 class action in the same suit as a § 216(b) collective action. (Def.'s Memo. in Opp. to Pl.'s Mot. for Class Cert., ECF No. 23, at pp. 26-27.)  As already determined by this court above, it is proper to have a state-law Rule 23 class action in the same suit as a federal-law § 216(b) collective action, and judicial economy concerns favor litigating both actions in the same case.

*(4) Any management difficulties likely to be encountered if a class action is certified*

Plaintiff argues that the questions regarding liability are based on the same evidence, and the formula for calculating damages for each class member will be the same, so it is a manageable case.

- 19 -

Defendant maintains that Plaintiff has failed to provide a formal trial plan that demonstrates how the proposed class can be efficiently managed. While it is true that Plaintiff has not filed a formal trial plan, the court first finds that this practice is not legally required (*Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of America*, 453 F.3d 179, 186, n.7 (3d Cir. 2006) ("We believe that the pre-certification presentation of the aforementioned trial plans represents an advisable practice within the class action arena, and we note that such instruments could be used by parties and trial courts to facilitate Rule 23(c)(1)(B) compliance regarding the claims, issues, or defenses subject to class treatment in the same way that class language proposed by the parties aids trial courts in defining the precise parameters of a given class for certification purposes.")), and second finds that this court is equipped to manage this class. The class at this point appears to be in the range of thirty people, and all of the class members will be former or current TA's at the Institute of Art.

Therefore, the court finds that under a Rule 23(a) and 23(b)(3) analysis, Plaintiff's case should go forward as a class action.

As always, the court retains the authority to decertify the class in light of subsequent developments in litigation. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *see also Armstrong v. Davis*, 275 F.3d 849, 871 n. 28 (9th Cir.2001) ("Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court.") (abrogated on other grounds); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Intern. Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809-810 (9th Cir. 2010) ("[A] district court retains the flexibility

to address problems with a certified class as they arise, including the ability to decertify.")

## IV.  CONCLUSION

Therefore, the court hereby certifies the proposed class pursuant to Federal Rule of Civil Procedure 23.

IT IS SO ORDERED.


/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2011